# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> EVA ARRIBA, et al., <br><br> Defendants. | Case No. 2:18-cv-00399-JCM-CWH <br><br> **ORDER** |

Presently before the court is plaintiff's motion to enlarge time to serve summons and complaint and for service via publication on defendant Eva Arriba (ECF Nos. 8, 9), filed on May 29, 2018.

**I. BACKGROUND**

This case arises from a dispute over real property located at 3381 Milenko Drive, Las Vegas, NV 89121. (Compl. (ECF No. 1).) Non-party Emily Gold obtained title to the disputed property subject to the covenants and restrictions of defendant Pecos Estates Homeowners Association ("Pecos HOA"). (*Id.*) Following the acquisition, Gold obtained a loan from IFG Mortgage Services, Inc. in the amount of $97,600. (*Id.*) Gold executed a promissory note in favor of IFG, and a deed of trust to secure repayment of the loan. (*Id.*) The recorded deed of trust listed Franke as the borrower, IFG as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the as beneficiary solely as nominee for the lender and its successors and assigns. (*Id.*)

Plaintiff Federal National Mortgage Association ("Fannie Mae") acquired ownership of the loan and deed of trust. (*Id.*) FHFA exercised its authority and placed Fannie Mae into conservatorship, succeeding Fannie Mae to its rights, titles and privileges. (*Id.*) In June of 2013, MERS assigned the deed of trust to Fannie Mae, placing Fannie Mae as the loan servicer and

record beneficiary. (*Id.*) Thereafter, Pecos HOA, through its trustee Alessi & Koeing, sold the disputed property to defendant Eva Arriba in a foreclosure sale for $8,000. (*Id.*)

Fannie Mae commenced this case complaint on March 5, 2018 by bringing a complaint for declaratory judgment and to quiet title. (*Id.*) Fannie Mae has not served Arriba with process, and Fannie Mae now moves the court to enlarge the time to serve Arriba and for service via publication. (ECF Nos. 8, 9.)

## II. MOTION TO EXTEND TIME TO SERVE

Rule 4(m) of the Federal Rule of Civil Procedure provides the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court "must extend time for service upon a showing of good cause." *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013) (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)). Absent a showing of good cause, the court may exercise its discretion to extend service upon a showing of excusable neglect or dismiss the complaint. *See id.* The court has "broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Good cause is determined on a case-by-case basis. *Laski v. Am. Bd. of Internal Med.*, 92 F. Supp. 3d 1013, 1016 (D. Nev. 2015). The standard for good cause is the diligence of the party effectuating service. *See Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (internal quotations omitted).

In support of its request, plaintiff references the process server's affidavit detailing her efforts to personally serve Arriba at both suspected residential addresses. (Mot. to Extend Time (ECF No. 8), Ex. 2.) The process server states that she attempted to personally serve Arriba on

four separate occasions. (*Id*.) The first attempt occurred on May 5, 2018 at Arriba's last known address. (*Id.*) The residents at that property provided the process server with Arriba's current address. (*Id.*) The remaining three attempts took place at the newly-obtained address on the following dates: May 9, 2018, May 10, 2018, and May 14, 2018. (*Id.*) The court finds that the plaintiff's repeated attempts to serve defendant Arriba constitute a showing of good under Rule 4(m). Thus, the court will grant plaintiff's request to extend service by an additional 60 days.

## III. MOTION TO SERVE BY PUBLICATION

Next, plaintiff moves to serve defendant Arriba by publication. Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, an individual may be served according to the state law for serving a summons where the district court is located or where service is made. The state of Nevada permits service by publication when the "person on whom service is made . . . cannot, after due diligence, be found within the state." Nev. R. Civ. P. 4(e)(1)(i). The party seeking service must provide an affidavit to the court demonstrating due diligence to effect service and that "a cause of action exists against the defendant in respect to whom service is to be made, and that the defendant is a necessary or proper party to the action . . ." *Id.* Upon approval of the court, the publication shall appear in a newspaper in Nevada at least once a week for four weeks. *Id.* 4(e)(1)(iii). Nevada courts consider due diligence in effecting service as the "qualitative efforts" to locate and serve the defendant. *Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999).

The court is persuaded that plaintiff exercised due diligence, based on the process server's multiple attempts to serve Arriba, and that Arriba cannot be found in Nevada. The process server's affidavit details the four attempts to serve Arriba, and was unsuccessful on each occasion. Upon using the Clark County Assessor's records, plaintiff first attempted service at 3729 Shallow Dove Court, North Las Vegas, Nevada 89032. After receiving information that defendant Arriba no longer resides at that address, plaintiff attempted to serve defendant three more times at the following address: 6504 Banncock Way, Las Vegas, NV 89107. The court finds that plaintiff's repeated attempts constitute due diligence, and the court will grant the plaintiff's motion to serve defendant by publication.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's motion to enlarge time to serve summons and complaint and for service via publication on defendant Eva Arriba (ECF Nos. 8, 9), is GRANTED.

IT IS FURTHER ORDERED that that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), defendant Arriba may be served by publication.

IT IS FURTHER ORDERED that the deadline to serve defendant Eva Arriba shall be extended up to and including September 11, 2018.

DATED: July 13, 2018

_____
C.W. HOFFMAN, JR
UNITED STATES MAGISTRATE JUDGE