UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>EVA ARRIBA, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-399 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Pecos Estates Homeowners Association's ("Pecos") partial motion to dismiss. (ECF No. 10). Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a response (ECF No. 13), to which Pecos replied (ECF No. 16).

Also before the court is Fannie Mae's motion for default judgment. (ECF No. 26).

**I.     Facts**

This action arises from a dispute over real property located at 3381 Milenko Drive, Las Vegas, Nevada 89121 ("the property"). (ECF No. 1).

On May 19, 2003, Emily Gold purchased the property with a loan in the amount of $97,600.00 from IFG Mortgage Services, Inc. ("IFG"). *Id*. IFG secured the loan with a deed of trust, which names IFG as the lender, Equity Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*. On June 18, 2013, Fannie Mae acquired all beneficial interest in the deed of trust via an assignment, which Fannie Mae recorded with the Clark County recorder's office. *Id*.

On June 13, 2013, Pecos, through its agent Alessi & Koenig ("A&K"), recorded a notice of delinquent assessment lien ("the lien") against the property for Gold's failure to pay Pecos in the amount of $1,511.22. *Id.* On September 10, 2013, Pecos recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,954.20. *Id.*

On February 5, 2014, Pecos recorded a notice of trustee's sale against the property. *Id.* On March 5, 2014, Pecos sold the property in a nonjudicial foreclosure sale to Eva Arriba in exchange for $8,000.00. (ECF Nos. 1, 10). On March 14, 2014, Pecos recorded the trustee's deed upon sale. *Id.*

On March 5, 2018, Fannie Mae filed a complaint alleging twelve causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Arriba; (2) quiet title under 12 U.S.C. § 4617(j)(3) against Arriba; (3) declaratory relief under the Fifth and Fourteenth Amendments against Arriba; (4) quiet title under the Fifth and Fourteenth Amendments against all defendants; (5) permanent and preliminary injunction against Arriba; (6) unjust enrichment against all defendants; (7) wrongful foreclosure against Pecos; (8) negligence against Pecos; (9) negligence *per se* against Pecos; (10) breach of contract against Pecos; (11) misrepresentation against Pecos; and (12) breach of covenant of good faith and fair dealing against Pecos. (ECF No. 1).

On September 11, 2018, Fannie Mae file a motion for entry of clerk's default as to Arriba for her failure to appear in this litigation. (ECF No. 22). The next day, the clerk of court entered default. (ECF No. 24).

Now, Pecos moves to dismiss Fannie Mae's seventh, eighth, ninth, tenth, eleventh, and twelfth claims ("additional claims") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). In addition, Fannie Mae moves for default judgment against Arriba. (ECF No. 26).

**II.     Legal Standard**

*a.  Failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

- 3 -

### b. *Default judgment*

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

### III. Discussion

Before the court are two motions. First, the court will grant Pecos' motion to dismiss because the statute of limitations bars Fannie Mae's additional claims. Second, the court will enter default judgment against Arriba.

### a. *Failure to state a claim*

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("If the

allegations contained in the amended complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate.").

A three-year statute of limitations period applies to Fannie Mae's additional claims (wrongful foreclosure, negligence, negligence *per se*, breach of contract, misrepresentation, and breach of the implied covenant of good faith and fair dealing) as they request damages based on a breach of statutory duty. *See* Nev. Rev. Stat. 11.190(3)(a).

The litigants disagree on the date that the limitations period began to run. Pecos contends that the statute of limitations on Fannie Mae's additional claims began to run on the date of the foreclosure sale. (ECF No. 10). Fannie Mae contends that the statute of limitations began to run when the Nevada Supreme Court decided *SFR Investments Pool 1, LLC v. U.S. Bank*, 334 P.3d 408 (Nev. 2014) because it could not have known that its interest was in jeopardy until the SFR decision. (ECF No. 13).

The SFR decision did not make the law; it clarified the law. Fannie Mae should have understood that its interest was in jeopardy by reading the statute. *See Mitchell v. State*, 149 P.3d 33, 38 (Nev. 2006) (holding that when a court clarifies the law, the clarification applies retroactively). Therefore, the date of the foreclosure sale is the operative date for purposes of calculating the statute of limitations. *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, at 232 (Nev. 2017) (holding that the statute of limitations accrues on the date of the foreclosure sale).

The foreclosure sale occurred on March 5, 2014. (ECF Nos. 1, 10). Therefore, Fannie Mae's additional claims accrued on this date. Approximately two years and two months later, on May 3, 2016, Fannie Mae filed an NRED claim and completed mediation on January 11, 2017. *Id*. Then, approximately one year and two months later, on March 5, 2018, Fannie Mae initiated this action. (ECF No. 1). Accounting for the NRED mediation's tolling period, Fannie Mae filed its complaint approximately three years and four months after the foreclosure sale, which is well after the applicable three-year limitations period. Therefore, the court will dismiss with prejudice Fannie Mae's additional claims.

. . .

*b. Default judgment*

After considering the facts of this case, the court finds good cause to grant Fannie Mae's motion for default judgment. Fannie Mae will be prejudiced if default judgment is not entered as it will be left without any legal remedy to establish its superior claim to title. *See Eitel*, 782 F.2d at 1471–72. Further, there is no possibility of a dispute concerning material facts because Arriba has not appeared in this action, and there is no indication on the record that Arriba's default was due to excusable neglect. *See id*. Moreover, Fannie Mae has complied with Rule 55 and Arriba has had ample opportunity to participate in this litigation. *See id*. Therefore, the court will enter default judgment against Arriba.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Pecos' motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Fannie Mae's motion to enter default judgment (ECF No. 26) be, and the same hereby is, GRANTED.

DATED December 14, 2018.

_____
UNITED STATES DISTRICT JUDGE